UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LIFE INSURANCE COMPANY OF
NORTH AMERICA,

    Plaintiff,

v.                                      Case No: 6:13-cv-104-Orl-22TBS

JASON CAMPBELL, ZACHARY
CAMPBELL, TRAVIS CAMPBELL,
DAVID CAMPBELL, ARLENE WALKER,
JOSEPH A. FREIN and IRIS S.
CAMPBELL,

    Defendants.

## AMENDED REPORT AND RECOMMENDATIONS[1]

Pending before the Court is the parties' Joint Stipulation for Final Judgment in Interpleader. (Doc 36). On October 2, I entered a Report and Recommendations recommending that the Court accept the stipulation and grant all requested relief but deny the permanent injunction. (Doc. 37). On October 16, Plaintiff Life Insurance Company of America ("LINA") filed Limited Objections to Report and Recommendations, requesting that the District Judge adopt the Report and Recommendations but with two minor changes. (Doc. 38) First, LINA requests that interpleader Defendant Arlene Walker be added to the defined list of Defendants in Interpleader. (Id., p. 3). Ms. Walker was also inadvertently omitted from the list of defined Defendants in Interpleader from the stipulation. (Doc. 36, p. 2). Second, LINA requests removal of a sentence in the

---

[1] Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

Background section of the Report and Recommendations stating "Under the terms of the Policy, the proceeds should have been paid to the estate." (Id.).

I find that Ms. Walker's omission from the parties' Stipulation and my Report and Recommendations was error, and I now amend the Report and Recommendations to correct this mistake. I leave LINA's other objection to the District Judge. Therefore, upon due consideration, I respectfully recommend that the Stipulation be accepted as modified to reflect the inclusion of Arlene Walker as an Interpleader Defendant, and an Order be entered granting all of the requested relief except for the permanent injunction, which should be denied.

## I.     Background

At stake in this interpleader action is $1,136,000.00, the proceeds of a life insurance policy, Number FLX-980188, (the "Policy") issued to the late Lawrence Campbell ("Lawrence"). Lawrence designated his wife Iris Campbell ("Iris") as the sole beneficiary under the Policy. (Doc. 1 ¶ About a month after Lawrence's death, Iris executed an irrevocable Disclaimer of Interest in the Policy in an attempt to have the proceeds paid into Lawrence's estate, of which she was administrator. (Doc. 1, ¶ 18). Instead, the right to the proceeds passed to Lawrence's children under the Policy's preference clause. (Doc. 1, ¶ 19). Several months later, Lawrence's three adult children, as well as his two surviving siblings, executed disclaimers, and Iris executed a disclaimer on behalf of Lawrence's minor child, A.C. (Doc. 1, ¶¶ 20, 21, 26).

Under the terms of the Policy, the proceeds should have been paid to the estate. However, the administrator of the Policy, Life Insurance Company of America ("LINA") raised questions about the validity of the disclaimer Iris executed on behalf of A.C. under Florida law. (Doc. 1, ¶¶ 23-24). On January 18, 2013, Plaintiff Life Insurance Company of

North America ("LINA") interpled Iris, in her individual capacity and in her capacity as personal representative of Lawrence's Estate and Trustee of the Larry Campbell Family Trust, along with the surviving siblings and children. The Court has jurisdiction pursuant to 28 U.S.C. § 1331, because the policy is governed by ERISA, 29 U.S.C. § 2001, *et seq.*, and § 1332, because Plaintiff is a citizen of Pennsylvania and all Defendants are citizens of Florida.

The parties have now reached a settlement in this case, wherein all parties agree that the proceeds of the Policy will pass to Lawrence's estate. To accomplish this result, Joseph Frein, guardian ad litem for A.C., has executed, approved, and ratified the Disclaimer of Interest on behalf of A.C. (Doc. 36, ¶ 7). Lawrence's Estate has waived its claim for accrued or accruing interest on the Policy proceeds in consideration for LINA's waiving its attorney fees and costs. (Doc. 16, ¶ 33; Doc. 17, ¶ 33; Doc. 36, ¶¶ 13, 14). The parties also request that, upon deposit of the proceeds, LINA be dismissed from the action with prejudice and be discharged from any further liability on the Policy, (Doc. 36, ¶ 12). Finally, the parties request that a permanent injunction be entered restraining the defendants "from making demand or instituting and prosecuting any other proceeding, whether legal or quasi-legal, against LINA, in any court, federal or state, for the recovery of all or part of the proceeds of [the Policy] relative to the death benefits of Lawrence Campbell." (Id.).

## II. Discussion

"A federal court is more than 'a record of contracts' from whom parties can purchase injunctions," judgments, and decrees. Local No. 93, Int'l Ass'n of Firefighters, AFL-CIO v. City of Cleveland, 478 U.S. 501, 525 (1986) (internal quotations and citations omitted). "Accordingly, a consent decree must spring from and serve to resolve a dispute

within the court's subject matter jurisdiction, … must come within the general scope of the case made by the pleadings, and must further the objectives of the law upon which the complaint was based." Id. (internal quotations and citations omitted) In evaluating the appropriateness of a consent decree or stipulated judgment, a court must keep in mind that "in addition to the law which forms the basis of the claim, the parties' consent animates the legal force of a consent decree." Id. (internal quotations and citations omitted). I find without hesitation that the stipulation here, as well as the order the parties request from the court, meets all of those requirements. Accordingly, I recommend that the Court accept the parties' stipulation and order the requested relief, with the exception of the requested injunction.

Unlike a consent decree or order accepting a stipulation, every order granting an injunction must "(A) state the reasons why it issued; (B) state its terms speciofically; and (C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." FED R. CIV. P. 65(d)(1). See also Black Ass'n of New Orleans Fire Fighters v. City of New Orleans, La., 853 F.3d 347, 352 (5th Cir. 1988). This Court has "an independent duty to assure that the injunctions it issues comply with" this rule. Chicago Bd. of Educ. v. Substance, Inc., 354 F.3d 624, 632 (7th Cir. 2003). Moreover, "[w]ell-established principles of equity" generally require a plaintiff seeking a permanent injunction to demonstrate

> "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."

eBay, Inc. v. MercExchange, LLC, 547 U.S. 388, 391 (2006). "The decision to grant or deny a permanent injunction is an act of equitable discretion by the district court." Id.

The Supreme Court has warned lower federal courts that deviations from these principles "'should not be lightly implied.'" Id. The eBay Court rejected a "general rule" for patent cases that "'a permanent injunction will issue once infringement and validity have been adjudged.'" Id. at 393-94 (quoting MercExchange LLC v. eBay, Inc., 401 F.3d 1323, 1338 (Fed. Cir. 2005)). Circuit courts applying eBay have similarly rejected special rules for other particular types of cases. See Salinger v. Colting, 607 F.3d 68, 75, 79 (2d Cir. 2010) (rejecting old rule that, for preliminary injunctions, irreparable injury is presumed if plaintiff shows likelihood of success on the merits in copyright infringement cases) Perfect 10, Inc. v. Google, Inc., 653 F.3d 976, 980 (9th Cir. 2011) (same); Novus Franchising, Inc. v. Dawson, 725 F.3d 885 (8th Cir. 2013) (affirming district court's denial of a preliminary injunction on the grounds that plaintiff did not show irreparable harm, despite state-law rule inferring irreparable harm from breach of a valid and enforceable non-compete clause); Seed Servs., Inc. v. Winsor Grain, Inc., 868 F. Supp. 2d 998, 1005 (E.D. Cal. 2012) (refusing to presume irreparable injury in trademark infringement case). Cf. CBS Broadcasting, Inc. v. Echo Star Communications Corp., 450 F.3d 505, 526-27 (11th Cir. 2006) (holding that injunction was mandatory under a statute providing that a court "shall order a permanent injunction" upon making certain findings).

Plaintiff here seeks an injunction under 28 U.S.C. § 2361, which provides that, in an interpleader action, the "district court may … enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader until further action of the court." Nothing in § 2361 suggests that injunctions are mandatory in interpleader cases.

Unlike the statute at issue in CBS Broadcasting, and like the patent and copyright acts, the statute uses "may" instead of "shall" in granting district court's the power to issue injunctions. And several district courts have held that injunctions in interpleader cases are discretionary, not mandatory. See Shell Pipe Line Corp. v. West Texas Marketing Corp., 540 F. Supp. 1155, 1162 (S.D. Tex. 1982); Commerce and Indus. Ins. Co. v. Cablewave Ltd., 412 F. Supp. 204, 206 (S.D.N.Y. 1976)

Here, LINA has offered the Court no basis on which to find that it faces any real threat of irreparable injury if the Court doesn't enter an injunction. It is possible that defendants or their successor will bring suit against Plaintiff at some point in the future, but "the mere possibility" of future wrongdoing does not entitle a party to an injunction. United States v. W.T. Grant Co., 345 U.S. 629, 633 (1953). Rather, Plaintiff must show "that there exists some cognizable danger" of such litigation, id., and unless and until it does, the Court should not grant the requested injunction.

### III.     Recommendation

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the court enter an order as follows:

1. The parties' Stipulation for Final Judgment in Interpleader is hereby **APPROVED**.

2. LINA's sole liability to Iris S. Campbell, the Estate of Lawrence W. Campbell, the Larry Campbell Family Trust, Jason Campbell, Zachary Campbell, David Campbell, Travis Campbell, Arlene Walker, and A.C., a minor, (collectively, "Defendants in Interpleader are the proceeds of a life insurance policy, Policy Number FLX-980188, owned by Lawrence

Campbell where Lawrence Campbell is the insured and the death benefit is equal to $1,136,000 (the "Policy Proceeds").

3. Defendants in Interpleader have entered into a Settlement Agreement and Release dated July 19, 2013, which fully and finally resolves among themselves the question of entitlement to the Policy Proceeds.

4. Pursuant to the Settlement Agreement and Release, the Policy Proceeds are to be paid to the Estate of Lawrence W. Campbell.

5. The claims of all remaining Defendants in Interpleader are dismissed with prejudice.

6. Within ten (10) days of entry of this Order, LINA is directed to pay the Policy Proceeds to the Trust Account of Broad and Cassel for further disbursement in accordance with the terms of the Settlement Agreement and Release.

7. Upon deposit of the policy proceeds, LINA is dismissed form this action with prejudice, and is released and discharged from all further liability upon Policy Number FLX-980188 relative to the death benefits of Lawrence Campbell.

8. The Defendants in Interpleader waive any claim to accrued or accruing interest in addition to the Policy Proceeds.

9. Each party will bear its own attorneys' fees and costs.

10. The Clerk of Court is directed to administratively close this case for sixty days, pursuant to this Stipulated Final Judgment of Interpleader, pending filing of a stipulation for dismissal with prejudice during that time. If no stipulation is filed, and no motion for extension of time is filed, this case will be dismissed at that time with no further order.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on October 17, 2013.

*[signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Any Unrepresented Parties