# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LIFE INSURANCE COMPANY OF NORTH AMERICA,**

          **Plaintiff,**

**-vs-**                                                                   **Case No. 6:13-cv-104-Orl-22TBS**

**IRIS S. CAMPBELL, individually; IRIS S. CAMPBELL as Personal Representative of the Estate of Lawrence W. Campbell a/k/a Larry Campbell; IRIS S. CAMPBELL as Trustee of the Larry Campbell Family Trust dated January 22, 2001; JOSEPH A. FREIN, as Guardian Ad Litem of A.C., a minor; JASON CAMPBELL; ZACHARY CAMPBELL; TRAVIS CAMPBELL; DAVID CAMPBELL; and ARLENE WALKER,**

          **Defendants.**

_____

## ORDER

This cause is before the Court for consideration of the parties' Stipulation for Final Judgment in Interpleader (Doc. No. 36) filed on September 25, 2013.

The United States Magistrate Judge has submitted an Amended Report and Recommendations ("Amended R&R") (Doc. No. 39)[1] recommending that the Stipulation be approved except as to permanent injunctive relief.

After an independent *de novo* review of the record in this matter, including Plaintiff's Limited Objections (Doc. No. 38) to the original R&R, the Court agrees with the Magistrate Judge's recommendations in the Amended R&R.  Therefore, it is **ORDERED** as follows:

1. The Amended Report and Recommendations filed October 17, 2013 (Doc. No. 39), is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. The parties' Stipulation for Final Judgment in Interpleader (Doc. No. 36), filed on September 25, 2013, is **APPROVED**, except the Court declines to issue a permanent injunction or to reserve jurisdiction to enforce the payment term of the parties' settlement agreement.

3. Plaintiff Life Insurance Company of North America's ("LINA") sole liability to Iris S. Campbell, the Estate of Lawrence W. Campbell, the Larry Campbell Family Trust, Jason Campbell, Zachary Campbell, David Campbell, Travis Campbell, Arlene Walker, and A.C., a minor (collectively, "Defendants in Interpleader") are the proceeds of a life insurance policy,

---

[1] The Magistrate Judge issued the original Report and Recommendations on October 2, 2013. In response, Plaintiff filed Limited Objections, noting that Defendant Arlene Walker's name had been inadvertently omitted from the parties' Stipulation and, consequently, from the original R&R. Additionally, Plaintiff objected to the Magistrate Judge's statement that under the policy terms the insurance proceeds should have been paid to the estate.  The Magistrate Judge then issued the Amended R&R which corrected Ms. Walker's omission.  The Magistrate Judge left Plaintiff's other objection for resolution by the undersigned judge.  However, it is unnecessary for the Court to reach Plaintiff's objection to the Magistrate Judge's background statement that the policy proceeds should have been paid to the estate.  The Court need not address that statement in order to grant the parties the relief they jointly seek.

Policy Number FLX-980188, owned by Lawrence Campbell where Lawrence Campbell is the insured and the death benefit is equal to $1,136,000 (the "Policy Proceeds").

4. Defendants in Interpleader have entered into a Settlement Agreement and Release dated July 19, 2013, which fully and finally resolves among themselves the question of entitlement to the Policy Proceeds.

5. Pursuant to the Settlement Agreement and Release, the Policy Proceeds are to be paid to the Estate of Lawrence W. Campbell.

6. The claims of all remaining Defendants in Interpleader are dismissed with prejudice.

7. Within ten (10) days of entry of this Order, LINA is directed to pay the Policy Proceeds to the Trust Account of Broad and Cassel for further disbursement in accordance with the terms of the Settlement Agreement and Release.

8. Upon deposit of the Policy Proceeds, LINA is dismissed from this action with prejudice, and is released and discharged from all further liability upon Policy Number FLX-980188 relative to the death benefits of Lawrence Campbell.

9. The Defendants in Interpleader waive any claim to accrued or accruing interest in addition to the Policy Proceeds.

10. Each party will bear its own attorneys' fees and costs.

11. The Clerk of Court is directed to administratively close this case for sixty (60) days, pursuant to this Stipulated Final Judgment of Interpleader, pending filing of a stipulation for dismissal with prejudice during that time.  If no stipulation is filed, and no motion for extension of time is filed, this case will be dismissed.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on November 18, 2013.

Copies furnished to:

United States Magistrate Judge
Counsel of Record
Unrepresented Party
Guardian Ad Litem

ANNE C. CONWAY
United States District Judge